## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLWAVE COMMUNICATIONS, LLC,     ) | |
| ) | CIVIL ACTION NO. _____ |
| ) | |
| Plaintiff,     ) | COMPLAINT FOR PATENT |
| ) | INFRINGEMENT |
| ) | |
| v.     ) | |
| ) | |
| RINGCENTRAL, INC.,     ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
| Defendant.     ) | |
| ) | |

### STATEMENT OF JURISDICTION

1.      This Court has subject matter jurisdiction over this case under 18 USC §§ 1331, 1338(a).

### NATURE OF THE ACTION

2.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.,* to obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent Nos. 7,397,910, and 7,555,110 (collectively the "Asserted Patents") (attached as Exhibits A-B).

3.      This action for patent infringement involves Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in

consumer telephony services, including but not limited to, RingCentral Office (the "Accused Product").

## THE PARTIES

4.      Plaintiff CallWave Communications LLC ("CallWave") is a Delaware limited liability corporation with its principal place of business at 136 W. Canon Perdido St., Santa Barbara, CA 93101.

5.      Plaintiff CallWave is the assignee of all substantial rights, title and interest in and to the Asserted Patents.

6.      Defendant RingCentral, Inc. ("RingCentral") is a California corporation headquartered at 1400 Fashion Island Boulevard #700, San Mateo, CA 94404.

7.      Plaintiff has been and will continue to be harmed by Defendant's infringement of the Asserted Patents.  Moreover, Defendant's unauthorized and infringing uses of Plaintiff's patented systems and methods have threatened the value of this intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

8.       Defendant's disregard for Plaintiff's property rights threatens Plaintiff's relationships with potential licensees of Plaintiff's patents, including the Asserted Patents.  The Defendant will derive a competitive advantage over any of Plaintiff's future licensees from infringing Plaintiff's patented technology.

## JURISDICTION AND VENUE

9.       This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     Defendant is subject to personal jurisdiction in the State of Delaware because it regularly transacts business in this judicial district and by, among other things, offering its products and services to customers, business affiliates and partners located in this judicial district.  In addition, on information and belief the Defendant has committed acts of direct infringement of one or more of the claims of the Asserted Patents in this judicial district.

11.     Defendant operates an interactive website that offers users the ability to log-in and manage their accounts. On its website, Defendant offers infringing services for sale. Defendant also offers for sale devices used to access the infringing services. This website is accessible from Delaware.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendant is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

## THE PATENTS-IN-SUIT

13.     United States Patent 7,397,910 is entitled "Method and Apparatus for Providing Expanded Telecommunications Service" and relates to systems and methods of allowing a user to screen phone calls.

14.     Unites States Patent No. 7,555,110 is entitled "Methods and Apparatus for Providing Expanded Telecommunications Service" and relates to systems and methods for allowing a user to screen phone calls.

## EXEMPLARY ACCUSED PRODUCT

15.     RingCentral Office, a service offered by RingCentral, is a unified telephony product that provides, among other functionality, Voice Over IP and call screening capabilities.

**DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 7,397,910**

16.      Paragraphs 1 through 15 are incorporated by reference as if fully restated herein.

17.      Plaintiff CallWave is the assignee and lawful owner of all right, title and interest in and to the 7,397,910 Patent.

18.      RingCentral makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use, RingCentral Office.

19.      RingCentral Office infringes, or employs systems, components and/or steps that make use of systems or processes that infringe, one or more of the claims of the 7,397,910 Patent.

20.      RingCentral has infringed one or more of the claims of the 7,397,910 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

21.      Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 7,555,110**

22.      Paragraphs 1 through 21 are incorporated by reference as if fully restated herein.

23.      Plaintiff CallWave is the assignee and lawful owner of all right, title and interest in and to the 7,555,110 Patent.

24.      RingCentral makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use, RingCentral Office.

25.      RingCentral Office infringes, or employs systems, components and/or steps that make use of systems or processes that infringe, one or more of the claims of the 7,555,110 Patent.

26.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, granting Plaintiff the following relief:

27.     That this Court adjudge and decree that Defendant has infringed the Asserted Patents;

28.     That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of the Defendant's infringement;

29.     That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against the Defendant that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

30.     That this Court assess pre-judgment and post-judgment interest and costs against the Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

31.     Grant to Plaintiff such other, further, and different relief as may be just and proper.

### JURY DEMAND

32.     Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Dated:  December 21, 2012

/s/ *Edmond D. Johnson*
Edmond D.  Johnson (Del. Bar. No. 2257)
James G. McMillan, III (Del. Bar. No. 3979)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington,  Delaware  19899-1709
(302) 777-6539
*johnsone@pepperlaw.com*
*mcmillaj@pepperlaw.com*

*Attorneys for Plaintiff CallWave*
*Communications, LLC*